# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Banita Brandise Saffore, | Case No. 21-CV-2743 (ECT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons and Warden Starr, Executive Staff, | |
| Respondents. | |

Petitioner Banita Brandise Saffore, a prisoner of the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), has filed a petition for a writ of habeas corpus raising two sets of claims. In the first set of claims, Saffore argues that her sentence is invalid due to errors made at the time of her sentencing by the trial court, the Federal Probation Office, and her attorney. In the second set of claims, Saffore argues that prison officials have violated her constitutional rights with respect to injuries suffered following a prison assault and a vehicular accident that occurred during her transportation between facilities. This matter is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, this Court concludes that it lacks jurisdiction over the first set of claims; that the second set of claims should have been brought in a separate non-habeas proceeding; and that, even if the

---

[1] Saffore's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to her petition. *See* Rule 1(b).

second set of claims were to be considered here, Saffore has not stated a claim on which relief may be granted against an appropriate opposing party. Accordingly, it is recommended that this matter be dismissed without prejudice in its entirety.

In 2018, Saffore pleaded guilty in the United States District Court for the Eastern District of Virginia to one count of wire fraud and one count of aggravated identity theft. *See United States v. Saffore*, No. 3:18-cr-0010 (2) (E.D. Va.). Saffore failed to appear at the sentencing hearing and was later arrested and indicted for that failure to appear, a charge to which she also pleaded guilty. *See United States v. Saffore*, No. 3:19-cr-0003 (E.D. Va.). The district court conducted a consolidated sentencing hearing in the two matters and imposed an 87-month term of imprisonment in 2019.

Saffore has twice sought to attack the validity of that sentence, first on direct appeal and later in a motion brought under 28 U.S.C. § 2255. The appeal was dismissed insofar as Saffore challenged the sentences imposed for wire fraud and identity theft (she had waived the right to appeal those sentences as part of her plea agreement) and the judgment was affirmed with respect to the sentence imposed for failure to appear at the sentencing hearing. *See United States v. Saffore*, 809 F. App'x 140 (4th Cir. 2020) (per curiam). Saffore describes her § 2255 motion—in which she presented claims similar to those presented in her present habeas petition—as having been denied as well, *see* Petition at 4 (Dkt. No. 1), but the docket of her criminal matters does not show any such denial; by all appearances, the § 2255 motion remains pending at this time.

In her habeas petition, Saffore presents two claims attacking the validity of her sentence. First, Saffore argues that the district court incorrectly calculated her

recommended sentencing range under the United States Sentencing Guidelines by taking into account prior legal proceedings that should not have been considered. (*See* Petition at 6–7.) Second, Saffore argues that her attorney failed to present arguments regarding her homelessness and mental health that might have resulted in a shorter sentence had they been considered by the sentencing court. (*See id*. at 7.)

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under [28 U.S.C.] § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). This provision is generally known as the exclusive-remedy rule, and the "inadequate or ineffective remedy" exception to the exclusive-remedy rule is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is

3

inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Saffore's claims are an attack on the validity of her sentence and therefore fall squarely within the contours of the exclusive-remedy rule. Only if § 2255 is "inadequate or ineffective" to test the legality of Saffore's detention may she proceed through a habeas petition. 28 U.S.C. § 2255(e). Section 2255 is not inadequate. Saffore has, in fact, raised claims similar to the claims presented in her habeas petition through a § 2255 motion filed in the Eastern District of Virginia. That these claims might later be rejected in the Eastern District of Virginia does not render § 2255 "inadequate or ineffective."[2] This is simply not

---

[2] This is true even if Saffore is found to have waived her right to seek relief under § 2255 as part of her plea agreement. "Courts in this district have repeatedly held that a petitioner's waiver of his right to seek § 2255 relief does not make § 2255 inadequate or ineffective for § 2255(e) purposes." *Taylor v. Fikes*, No. 20-CV-1364 (PJS/ECW), 2020 WL 8713685 (D. Minn. Dec. 10, 2020) (collecting cases).

the appropriate venue for Saffore to challenge the legality of her sentence, and the Court lacks jurisdiction over any claims attacking Saffore's sentence.

Not all of Saffore's habeas petition, however, amounts to an attack on her sentence. Saffore alleges that she was assaulted by other prisoners while incarcerated at the Federal Correctional Institution in Danbury, Connecticut, and that prison officials at that facility both failed to protect her from the assault and were later deliberately indifferent to her medical needs. (*See* Pet. at 8–9; Pet'r Ex. at 1–4, Dkt. No. 1-1.) Saffore also appears to be seeking relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for injuries suffered during a vehicular collision that occurred while she was being transported between federal correctional facilities. Neither of these claims implicate the legality of Saffore's conviction or sentence, and therefore the exclusive-remedy rule does not preclude consideration of the merits of those claims.

Nevertheless, this Court concludes that these claims should be dismissed without prejudice as well. As an initial matter, "[i]f the prisoner is not challenging the validity of his conviction or the length of [her] detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1074 (8th Cir. 1996) (per curiam). Put another way, a prisoner cannot raise claims concerning the conditions of her confinement through a habeas petition; such claims must instead be presented through a non-habeas civil action. *See Spencer v. Haynes*, 774 F.3d 467, 468-70 (8th Cir. 2014).

Had Saffore merely mislabeled her pleading as a habeas petition while presenting in substance an appropriate document seeking non-habeas civil relief, this Court would

5

reinterpret the document (with Saffore's consent) as a complaint rather than a habeas petition and proceed accordingly.[3] *Id*. at 471. Even if Saffore's complaint were to be reinterpreted in such a way, however, dismissal would be appropriate. Neither of the opposing parties named to this habeas proceeding—the Federal Bureau of Prisons and Warden Starr, the Warden of FCI-Waseca—would be appropriate defendants to an action brought under *Bivens*[4] or the FTCA. With respect to constitutional claims brought under *Bivens*, Saffore must sue the specific individual or individuals alleged to have committed the wrongdoing at issue. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994) (finding that remedy under *Bivens* is not available against federal agencies). Warden Starr is not alleged in the habeas petition to have had any involvement in the events surrounding Saffore's injuries, which occurred outside of FCI-Waseca. With respect to any claims brought under the FTCA, a "suit under the [FTCA] lies . . . only against the United States." *Myers & Myers, Inc. v. U. S. Postal Service*, 527 F.2d 1252, 1256 (2d Cir. 1975). A litigant may not sue individuals (such as Starr) or federal agencies (such as the Federal Bureau of Prisons) under the FTCA, only the United States itself. Thus, even if Saffore's pleading were to be reinterpreted as a complaint, dismissal would be the appropriate outcome.[5] *See* 28 U.S.C.

---

[3] This Court notes that Saffore has already filed a civil complaint raising claims under the FTCA resulting from the same events at issue in this habeas petition. *See Saffore v. United States*, No. 21-CV-2578 (ECT/JFD). Reinterpretation of the habeas petition filed in this matter as a civil complaint would therefore result in unnecessary duplicative litigation.
[4] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
[5] This Court notes that even if Saffore had named an appropriate defendant with respect to her civil claims, that defendant would almost certainly be misjoined to this action, as the claims against that defendant would have no relationship to the habeas claims brought (appropriately) against Warden Starr and (inappropriately) against the Federal Bureau of Prisons. *See* Fed. R. Civ. P. 20(a)(2).

6

§ 1915A (requiring preservice dismissal where a complaint filed by a prisoner seeking relief from a governmental agent or entity fails to state a claim on which relief may be granted).

Accordingly, it is recommended that this matter be dismissed without prejudice in its entirety. Because it is recommended that this matter be dismissed, it is further recommended that Saffore's pending application to proceed *in forma pauperis* (Dkt. No. 2) be denied. *See Kruger*, 77 F.3d at 1074 n.3.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of Petitioner Banita Brandise Saffore (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE**;

2. Saffore's application to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 12, 2022          __s/ *John F. Docherty*___
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).